# Richmond

## John Doe v. Ray C. Wolfe.

September 1, 1971.

Record No. 7583.

Present, I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Richard C. Rakes* (*Gentry, Locke, Rakes & Moore*, on brief), for plaintiff in error.

*James M. Roe, Jr.* (*Carter, Roe, Emick & Honts*, on brief), for defendant in error.

Per Curiam.

In an action for personal injuries, the plaintiff, Ray C. Wolfe, testified that he was traveling in a northerly direction on U. S. Route 220 when "suddenly an unidentified automobile appeared on [his] side of the road approaching [him]." According to the plaintiff, the "unidentified automobile" struck his Volkswagen, forcing it off the right-hand side of the road and over an embankment. The jury returned a verdict in favor of the plaintiff against the unknown de-

fendant, John Doe, and the latter appeals from the judgment entered on the verdict.

█ The defendant first contends that the plaintiff's testimony was inherently incredible and therefore insufficient to support a finding that the accident was caused by a John Doe vehicle or that the operator of that vehicle was negligent. We reject the contention. There was nothing incredible about the testimony of the plaintiff. If believed by the jury, as it was, the testimony, when considered with evidence of the surrounding circumstances, was sufficient to establish that the accident resulted from the actions of an unknown operator and that it occurred in the plaintiff's lane of travel. Thus, the plaintiff's evidence made out a *prima facie* case of negligence against the defendant. That *prima facie* case was not rebutted and supports the jury's verdict.

█ The defendant next contends that the trial court erred in ruling, as a matter of law, that the plaintiff was free of contributory negligence. We agree with the defendant. The plaintiff testified that as he approached the scene where the accident occurred, he had visibility of approximately one-half mile and yet he did not see the vehicle which struck him until it was only "about twenty feet" away in his lane of travel. The question whether the plaintiff should have sooner seen the vehicle and should have taken evasive action to avoid the collision was one for the jury to decide.

The judgment of the trial court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*